Good morning, Your Honors. Eric Landau on behalf of Appellant James Aljian, but today speaking on behalf of all appellants. I would like to reserve two minutes, if possible, for rebuttal. Let me do so. Just watch the clock. Your Honors, may it please the Court, Congress did not intend to create a freestanding cause of action under Section 20A. As Judge Vaughn Walker put it in Verifone at the district court level, an insider, one who trades while in the possession of material non-public information, is liable only where an independent violation of another provision of the securities laws has occurred. Or, as the shareholders conceded on appeal in Verifone before this Court, an actionable independent underlying violation of the 34 Act must occur to maintain a claim under Section 20A. In light of this standard, the question becomes whether a shareholder may maintain an insider trading claim under Section 20A once the underlying violation, in this case Section 10B, has been dismissed on limitations grounds. Could you go through 20A, I think that's 78T-1, and show me what words support your interpretation? Your Honor, starting with 20A, sub A, the very first line, any person who violates any provision of this Act, and I'll stop right there, the term is any person who violates. I violate something even if nothing can be done about it. I might have run a stop sign in 1959. Was I driving then? No, 1969. 1969. Nobody knew anything about it, but I still violated it. Your Honor, I would respectfully disagree. One may commit an act, but to actually violate a provision of the statute, then one would have to, if the plaintiff brings a private cause of action, both prove up the elements of the claim and overcome all of the asserted defenses. So I believe there is a distinction to be drawn between the act and the violation itself. Here's what I'm getting at beyond just the verbal and the metaphysical. The criminal statute, assuming traffic statutes were criminal in that jurisdiction, might have said anyone who violates the red light restriction requiring a false stop commits a misdemeanor and is subject to imprisonment up to 30 days and a fine of up to $1,000. And there might have been a statute of limitations five years on that, as with most crimes. Then there might have been a civil wrong associated with running a red light having to do with negligence per se, and the negligence per se statute might have had a statute of limitations of 10 years. I can't see why the 10-year statute for red light violators would not apply, even though the predicate, red light statute, said anyone who violates a red light and had a statute of limitations of five years. Your Honor It's just a matter of policy and common sense and accomplishing the purpose of the statute, no contradiction. Your Honor, again, I would disagree with the analysis because 20A contains both the violation aspect and this Court, as well as the other courts of appeal, have talked about the need to establish that independent underlying violation, as well as the five-year period, which the defense would submit is a repose period, under subsection B-4. Roberts But isn't your interpretation reading that five-year period out of the statute? Garrett Actually, no, Your Honor, and I'd like to I do not believe that 20A is a statute of limitations, a discovery statute. Rather, it reads more like a repose period. For example, if a section 10b action were brought, either — and this is pre-Sarbanes-Oxley, so we're talking about a one-year and a three-year statute. If a 10b action were brought one day before the one-year discovery part expires, or one day before the three-year repose period expires, then you have the underlying predicate violation timely filed. At that point, a plaintiff who wishes to bring an independent insider trading claim under 20A has either an additional four years or an additional two years to bring that claim before the Court. All there has to be is that viable underlying claim, and that gives the plaintiffs additional time in order to file their insider trading claim. Roberts Mr. Landau, you seem to be suggesting that an element of 20A is, in fact, the statute of limitations, or let's go back to the predicate claim under 10b-5. Can you give me a citation to any Ninth Circuit or Supreme Court opinion that includes the statute of limitations as an element of the cause of action, as opposed to an affirmative defense? Landau Your Honor, while I cannot give the Court under the 34 Act a citation, especially under Section 10b, which makes it one of the elements of the claim, rather, it is an element under the 33 Act, under Sections 11 and now 12a-2. Roberts Which, of course, as you know from the Jackson case, is of no moment with the 20A, because Jackson says that a predicate based upon the 33 Act is insufficient. You cite the Jackson case in your brief. So I'm focusing on the 34 Act. Where is the authority that says that the statute of limitations, or if you wish, a statute of repose, is an element of the claim? Because otherwise, as Judge O'Scanlan said, it appears that you're trying to read the five-year statute of limitations or repose, however you wish to characterize it. You're trying to read it right out of the statute. Landau Well, Your Honor, while I am not looking to make it part of the elements of the cause of action, I would point out, as we did in our briefs, that both under Music Peeler and Central Bank of Denver, the Supreme Court views statute of limitations defenses as an integral part of the Section 10b liability scheme. Those were the words used under different circumstances, albeit, but those were the words used by the Supreme Court in those cases. Roberts I'm not sure what the words mean. The way, as I recall, it's the combination of Rules 8 and 12 require defendants to plead the statute of limitations as an affirmative defense. So it's quite possible for a plaintiff to plead a case not subject to 12b6 dismissal that's 20 years after the statute of limitations has run. It's perfectly good. It states a good claim. The only weakness in it is that it's subject to a motion to dismiss if the defendant remembers to plead the statute and then makes a motion to dismiss based on it. Your Honor, this is not a strict pleadings issue, because 20A does not simply point to whether or not you can plead a prima facie case or state the elements. Rather, it talks about whether or not the 20A claim may be maintained. And therefore, at any juncture, and there's no limitation, at any juncture along the way, whether it's at the pleading stage or summary judgment stage or trial, if that 10b action fails, then the predicate violation fails, and so should the 20A case. And I'd like to go back to what I think is an unfair restriction on the, of the phrase used both in the statute, violates, or as the plaintiff conceded in Verifone, an actionable independent underlying violation. And that, it doesn't say to be able to violate or an actionable independent claim. I think they're one and the same. I think that the fact that the statute says violates, it doesn't say states the elements of a claim, but it says actually violates. And therefore, I believe if Congress wanted, they could have put in states a prima facie case or simply states the elements. But rather, the statute says violates. And therefore, if the plaintiff was going to establish a true violation, which it must, as a predicate act, then the plaintiff has to overcome the defenses. And so whether or not ---- Kennedy, that gets back to my initial question. Didn't he violate the traffic law by running a red light, even if it was 20 years ago and nobody can do anything about it? Your Honor, again, I would disagree under our system of jurisprudence. If it's a criminal case, then one is innocent until proven guilty. Criminal or civil? And in the civil case, the plaintiff still bears the burden of proof. And so when a defendant was ---- It was a violation. It's just barred. No, Your Honor. I would disagree. In order to establish the violation, one has to establish the elements of the claim and overcome the defenses. Otherwise, at the end of the day, you don't have a violation. You may have an act. You may have an act where the elements are fulfilled, but you don't have the violation itself because the violation requires both the act and overcoming the defenses. I get what you're saying. I see we're over time, but I've got one more question that I wish I could ask. Go ahead. As I understand it, all we need to decide is the statute of limitations question in this case. We do not have to decide whether Kirk Kerkorian or the man who was his agent were insiders or violated a fiduciary duty or any of that stuff. Is that right? That is correct, Your Honor. Those issues are not up before the court. This was a pleadings motion, and the only aspect that the court granted the interlocutory appeal on was the strict limitations issue under 20A. Thank you, counsel. Your time has expired. Thank you. We will now hear from the respondent, the appellee. Good morning. My name is Christopher Nelson. I speak on behalf of the lead plaintiff case. I think the court has hit on the core flaw in the defendant's argument here, and that is that the plain language of the statute undermines every argument that they've raised in their pleadings and here at oral argument. It's axiomatic that the statute that is plain and clear on its face need be taken no further than the plain language. All this court needs to consider is what the statute says on its face. And here the statute says that the limitations period for causes of action brought under 20 Cap A is 5 years. 5 years means 5 years, and there's no basis for reading anything else into the statute or even reading out the 5-year limitations, as this Court has already noted. The statute is completely silent as to the issue of whether a predicate violation need be timely. The statute is absolutely silent about everything that dependents have contended with respect to their arguments. Is it correct, incidentally, that we do not have to decide anything in this case except the statute of limitations issue? That's absolutely correct, Your Honor. The only issue that was certified for interlocutory appeal was the question of limitations. On the statutory issue, you basically have just now taken us through 20A. Yes, Your Honor. And I guess your claim is there's nothing there that says any different. Violates doesn't mean violates and can be sued upon. Absolutely, Your Honor. How do you deal then, Mr. Nelson, with the Verifone case? I'm sure you're familiar with that. The language used by the court there was that the shareholders in that case were unable to proceed under a 20 A claim when they failed to allege an quote, actionable, independent, underlying violation of the 34 Act. I'm troubled by the word actionable. If you can't sue on it in the sense that you're barred by the statute of limitations, how can it be actionable? I understand where your argument originates, Your Honor. I'm not certain why the word actionable was included. I don't think that the word actionable means what defendants are arguing that it means here. I think every case that's addressed this issue has gone along the lines that the Court has suggested, which is that the allegation of a violation is what counts. And that when they're speaking with respect to the word actionable, what the Court meant in Verifone, Verifone wasn't a limitations case. I probably should have said that up front. Verifone was a case where the 20 capital A claim was dismissed because the predicate cause of action, the 10B cause of action, failed to plead materiality. That's an element of the claim. That's entirely removed from the limitations period issue, which defendants have rationalized. You heard what I asked Mr. Landau about the elements. And I gather it would be your position that an allegation concerning the statute of limitations is not an element of, in this case, a 10B-5 claim. Is that correct? That's correct. And equally important is the fact that Verifone was decided back in 1993. Nine years later, this Court had the opportunity to revisit that issue, or rather at least spoke to that issue in the Lipton v. Pathogenesis case. And the words used in that case citing Verifone were not that a plaintiff needs to allege an actionable independent violation. The words the Court used in Lipton were, must first allege a violation, which is exactly what we're arguing here. Whether the violation is actionable or not has nothing to do with whether defendants actually broke the law or whether we can allege that they broke the law. An act doesn't become any less real merely because you cannot proceed on that cause of action. So from your perspective, the word violate following up on what Judge Kleinfeld said, the word violate simply means that they have alleged the elements of the cause of action. Is that correct? Certainly, Your Honor. I think turning back to the plain language argument, I think our reading of the statute is borne out by the cases that have addressed this issue, at least tangentially. I know there's no court that's been confronted at the circuit court level where the primary violation has expired before the derivative claim is brought. But the Supreme Court has spoken a great deal on the purposes behind Section 20A, why it was enacted, what it means, what its purpose was in the Lamp case. And in that case, the Court was considering or was trying to establish the limitations period for 10b claims, which at that point had no uniform statute of limitations, no uniform statute of repose. When the Court considered 20A and 10b within the context of each other, the Court was looking to 20A for possible guidance in setting the limitations period for 10b. And when the Court did that, it specifically rejected what defendants are arguing here. They're arguing that there's nothing really different about a 10b claim and a 20 A claim. What we've alleged and what we've argued is that the two claims are fundamentally different by their very nature, and the courts have recognized that. 20 A claims are insider trading claims. They are clandestine violations. They are secret violations. They are violations that require a particular level of diligence to ferret out and prosecute, which is why Congress enacted a 5-year limitations period for these claims relative to the regular, as the courts call it, run-of-the-mill claims under Section 10b. The Supreme Court specifically referred to the 5-year limitations period of 20 A as being enacted to provide greater deterrence, detection, and punishment of violations of insider trading laws. The Court continued and said that the 5-year limitations period was a specific enhanced protection for plaintiffs who had or who believed that they had a cause of action for an insider trading violation. You concede, do you not, Howard, that there must be a predicate violation of some other 34-Act section? We concede that there must be a violation and an allegation of a violation. We certainly have to plead that the statute was violated, but we do not have to plead that claim, or rather the predicate claim, as timely. There's no court that has held what, or rather has interpreted the statute as meaning what defendant's claim means. On the other hand, all of these other cases, Lamp, Shortby-Belleville, Enron, Sarah's Partners, all of these cases talk about the fundamental difference between the two types of claims and why 20 Cap A needs a 5-year statute of limitations. As this Court recognized, the Jackson case, we believe, is off point. Verifone to the same end. Defendants really haven't proposed any case that supports their reading of the statute. Under defendants' reading of the statute, you would simply be reading out the plain language, and that's impermissible. I have nothing further, if the Court has no questions. Counsel, thank you very much. Before submitting the case, I would just like to mention to both parties, thank you, Counsel. Thank you. That I noticed that the interlocutory appeal was certified on October 20th, 2004, and now this is January 8th, 2007. I deeply regret that the volume of work in our Court is such that it keeps you waiting over two years, hopefully not much beyond two years, before you get a decision from this Court. I'm sorry that that's the facts of life, but we will do our best to be sure that now that it has been argued that we will issue a disposition as promptly as we can. The case just argued will be submitted for consideration, and we will now hear argument in the next case, which is United States v. Jackson. Thank you.
judges: O'scannlain, Kleinfeld, Smtih